Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

Southern California Office:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (800) 993-7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
ARENA IP, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ARENA IP, LLC,<br>Plaintiff,<br>v.<br><br>FORTY NINERS STADIUM MANAGEMENT COMPANY LLC.<br>Defendant. | Case No.:  5:23-cv-06706<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Arena IP, LLC ("Arena IP") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,320,820 ("the '820 patent") (referred to as the "Patent-in-Suit") by Forty Niners Stadium Management Company LLC ("Defendant" or "Forty Niners").

## I. THE PARTIES

1. Plaintiff is a Limited Liability Company with its principal place of business located 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

2. On information and belief, Defendant is a corporation organized and existing under the laws of Delaware having a principal place of business at 4949 Marie P. Debartolo Way, Santa Clara, CA, 95054 and is authorized to do business in California. Defendant can be served through its registered agent, located at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business, or anywhere else it may be found.

3. On information and belief, Defendant sells and offers to sell products and services throughout California, including in this judicial district, introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district, and otherwise directs infringing activities to this judicial district in connection with its products and services.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial

district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District.  Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

**III.   INFRINGEMENT - Infringement of the '820 Patent**

7. On November 27, 2012, U.S. Patent No. 8,320,820 ("the '820 patent", included as Exhibit A and part of this complaint) entitled "Self-contained Data Communication System Nodes As Stand-alone Pods Or Embedded In Concrete Walkways And In Walls At Public Venues Including Sports And Entertainment Venues" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '820 patent by assignment.

8. The '820 patent relates to novel and improved methods and systems for communications of video and data to handheld devices located within a public venue.

9. Defendant maintains, operates, and administers systems, products, and services that infringes one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '820 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the chart attached as exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., system supporting communications of video and data to hand held devices located within a public venue) such as to cause infringement of one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '820 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., system supporting communications of video and data to hand held devices located within a public venue) and related services such as to cause infringement of one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Further, there are no substantial non-infringing uses for Defendant's products and services. Moreover, Defendant has known of the '820 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '820 patent.

### IV. CONDITIONS PRECEDENT

14. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '820 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g. award Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 28, 2023                 Respectfully submitted,

                                         RAMEY LLP

                                         /s/ Susan S.Q. Kalra
                                         Susan S.Q. Kalra (CA State Bar No. 16740)
                                         5020 Montrose Blvd., Suite 800
                                         Houston, Texas 77006
                                         Telephone: (800) 993-7499
                                         Fax: (832) 900-4941


                                         *Attorneys for Plaintiff*
                                         *ARENA IP, LLC*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: December 28, 2023                 Respectfully submitted,

                                         **RAMEY LLP**

                                         /s/ Susan S.Q. Kalra
                                         Susan S.Q. Kalra (CA State Bar No. 16740)
                                         skalra@rameyfirm.com
                                         5020 Montrose Blvd., Suite 800
                                         Houston, Texas 77006
                                         Telephone: (800) 993-7499
                                         Fax: (832) 900-4941


                                         *Attorneys for Plaintiff*
                                         *ARENA IP, LLC*